UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE BRANDON RICHARDS,

        Plaintiff,

v.                                      Case Number: 11-cv-13069
                                       Honorable George Caram Steeh

UNITED STATES,

        Defendant.
_____/

**OPINION AND ORDER
DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT
OF FEES AND COSTS AND DISMISSING COMPLAINT, AND
CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

      This is a civil rights action under 42 U.S.C. § 1983. Plaintiff Kyle Brandon Richards filed this *pro se* Civil Rights Complaint, along with an Application to Proceed Without Prepayment of the Fees, on July 15, 2011. According to Plaintiff's Complaint, he is not yet a prisoner but a pretrial detainee who has not been sentenced and is not in the custody of the Michigan Department of Corrections. He is alleging that his First Amendment rights were violated when he was in prison and fears that they may be violated again if he is sent back. It is curious that Plaintiff's identification number with the Department of Corrections, #340573, actually belongs to an individual named Jervon Harmon, who was discharged on September 24, 2009.

      For the reasons stated, the Court denies Plaintiff's Application to Proceed Without Prepayment of Fees and dismisses the Complaint without prejudice pursuant to 28 U.S.C. § 1915(g). The Court also concludes that an appeal cannot be taken in good faith.

## I. DISCUSSION

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filings have placed on the federal courts ." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). In *Hampton*, the Sixth Circuit found the PLRA's fee requirements constitutional. *Id.* at 1288.

The PLRA further reinforces its "stop and think" aspect by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal; although the statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury" to proceed *in forma pauperis*. The Sixth Circuit

has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is ex post facto legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998).

In short, the "three strikes" provision allows the Court to dismiss a prisoner's civil rights case where the prisoner seeks to proceed *in forma pauperis* if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g); *Rawls v. First Name Unknown (FNU) Kelly*, No. 09–CV–12388, 2009 WL 2058583 (E.D. Mich. July 13, 2009); *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court. The Court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Richards v. Smith*, No. 11-cv-10929, 2011 WL 1869400 (E.D. Mich. May 16, 2011) (Ludington, J.); *Richards v. Servitto*, No. 11-cv-11227, 2011 WL 1842888 (E.D. Mich. May 16, 2011) (Borman, J.); *Richards v. Swartz*, No. 10-13759, 2010 WL 4116854 (E.D. Mich. Oct. 14, 2010) (Edmunds, J.); *Richards v. Schuster*, No. 10-cv-10100, 2010 WL 2720917 (E.D. Mich. July 8, 2010) (Duggan, J.). Additionally, Plaintiff previously has been denied leave to proceed *in forma pauperis. See Richards v. Snyder*, No. 11-12525 (E.D. Mich. July 1, 2011); *Richards v. United States*, No. 11-cv-12522 (E.D. Mich. June 20, 2011). Consequently, the Court

concludes that he is a "three striker" who cannot proceed *in forma pauperis* for this civil action unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To fall within that statutory exception to the three-strikes rule, a prisoner must allege that the threat or prison condition is "real and proximate" and that the danger of serious physical injury exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 F.App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).

The Court finds that the allegations stated in Plaintiff's Complaint do not pose an imminent danger of serious physical injury. The Court concludes that he has failed to show that he falls within the exception to the three-strikes rule, and his Complaint is subject to dismissal under § 1915(g).

## II. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's "Application to Proceed Without Prepayment of Fees" [dkt. # 2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Complaint" [dkt. # 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that any appeal taken by Plaintiff would not be done in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

**SO ORDERED**.

Dated: July 20, 2011

S/George Caram Steeh

GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 20, 2011, by electronic and/or ordinary mail and also to Kyle Richards at the Macomb County Jail, P.O. Box 2308, Mt. Clemens, MI 48043.

S/Josephine Chaffee
Deputy Clerk